UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
REGINALD JOHNSON,

                        Plaintiff,

       -against-                       13 CV 7173 (ARR) (VMS)

THE CITY OF NEW YORK, ROBERT
MAYER, VINCENZO DEMARTINO,
and DAVID GRIECO,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S MOTION IN LIMINE**

Michael Lumer, Esq.
LUMER & NEVILLE
225 Broadway, Suite 2700
New York, New York 10007
(212) 566-5060

Attorneys for Plaintiff

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES. ................................................................................................. iii

PRELIMINARY STATEMENT............................................................................................... 1

ARGUMENT. ............................................................................................................................ 2

POINT I          PLAINTIFF SHOULD BE PERMITTED TO INTRODUCE EVIDENCE OF MISCONDUCT BY THE INDIVIDUAL DEFENDANTS. ................................................... 2

POINT II         PLAINTIFF WILL ADDRESS THE PRECLUSION OF ANY EVIDENCE CONCERNING ALLEGED OTHER BAD ACTS BY PLAINTIFF IN HIS OPPOSITION TO DEFENDANTS' MOTION IN LIMINE. ................................................................................ 2

POINT III       PLAINTIFF SHOULD BE PERMITTED TO INTRODUCE THE TESTIMONY OF JOHN DOE IN HIS CASE IN CHIEF, AS THE TESTIMONY IS DIRECTLY RELEVANT TO THE FACTS AT ISSUE AND THE TRUTHFULNESS OF THE INDIVIDUAL DEFENDANTS............................................................ 3

                                    A.       The Relevant Underlying Facts. ...................................................... 3
                                    B.       The Testimony Is Relevant. ............................................................ 4
                                    C.       Precluding JD's Testimony Would Violate Fed. R. Evid. 403. .. 7

POINT IV       DEFENDANTS SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE CONCERNING PLAINTIFF'S CHILDREN, INCLUDING HIS CHILD SUPPORT OBLIGATIONS, AND ANY EVIDENCE CONCERNING HIS PAST OR PRESENT FINANCIAL CONTRIBUTIONS TO HIS HOUSEHOLD........................................................................... 8

POINT V         DEFENDANTS SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE CONCERNING PLAINTIFF'S EMPLOYMENT AND EDUCATIONAL HISTORY. .................................................. 9

POINT VI        DEFENDANTS SHOULD BE PRECLUDED FROM
                INTRODUCING EVIDENCE CONCERNING
                WHETHER PLAINTIFF TESTIFIED BEFORE THE
                GRAND JURY. ......................................................................................... 10

POINT VII       DEFENDANTS SHOULD BE PRECLUDED FROM
                REFERRING TO PLAINTIFF'S NEIGHBORHOOD
                AS A "HIGH CRIME" AREA. ............................................................... 11

POINT VIII      DEFENDANTS SHOULD BE PRECLUDED FROM
                INTRODUCING THE ARREST WARRANT
                IDENTIFIED AS DEFENDANTS' EXHIBIT B. .............................. 12

CONCLUSION. ................................................................................ ....................................... 13

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                                              <u>Page</u>

*Klauder-Weldon Dyeing Mach. Co. v. Gagnon*,
166 F. 286 (2d Cir. 1908) ................................................................................................ 6

*United States v. Batista*,
2009 WL 3134561 (E.D.N.Y. Sept. 23, 2009) ................................................................ 6

*United States v. Graham*,
2015 WL 1120255 (W.D.N.Y. Mar. 12, 2015) ............................................................... 6

*United States v. Pepin*,
514 F.3d 193 (2d Cir. 2008) ............................................................................................ 6

*United States v. Roberts-Rahim*,
2015 WL 6438674 (E.D.N.Y. Oct. 22, 2015) ................................................................. 6

*United States v. White*,
692 F.3d 235 (2d Cir. 2012), as amended (Sept. 28, 2012) ............................................ 4


<u>Rules</u>

Federal Rule of Evidence 401 ................................................................................... 4, 8, 10

Federal Rule of Evidence 402 ........................................................................................ 4, 10

Federal Rule of Evidence 403 ................................................................................... 7, 8, 10

Federal Rule of Evidence 801 ............................................................................................ 12

Federal Rule of Evidence 802 ............................................................................................ 12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
REGINALD JOHNSON,

                Plaintiff,

     -against-                                  13 CV 7173 (ARR) (VMS)

THE CITY OF NEW YORK, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## PRELIMINARY STATEMENT

       Plaintiff respectfully submits this Memorandum of Law in support of his motion *in limine*, in which he seeks to preclude or otherwise limit the introduction of certain evidence which defendants may seek to utilize at the upcoming trial of this matter, and for an order of the Court permitting plaintiff to introduce evidence of the defendants' prior bad acts, and to set forth the basis for utilizing the testimony of a witness whom defendants claim provided the tip or information that led them to plaintiff's residence.

       The informant will be referenced herein as "JD" as there is no need to identify him by name in this motion. The section concerning the defendants' prior bad acts, including all specific references thereto, will be presented in a separate memorandum of law and filed under seal, as the Court previously authorized during the April 12, 2016, court conference, and in accordance with the protective order previously entered in this litigation.

## ARGUMENT

### POINT I

**PLAINTIFF SHOULD BE PERMITTED TO
INTRODUCE EVIDENCE OF MISCONDUCT BY
THE INDIVIDUAL DEFENDANTS**

Plaintiff is seeking to introduce evidence of other misconduct by the individual defendants. Pursuant to the Court's order issued from the bench during the April 12, 2016, conference, the plaintiff is affirmatively moving for such permission, as opposed to waiting for the defendants to first move to preclude such evidence from being introduced. This section of plaintiff's motion is being filed separately under seal, as previously directed.

### POINT II

**PLAINTIFF WILL ADDRESS THE PRECLUSION OF
ANY EVIDENCE CONCERNING ALLEGED OTHER
BAD ACTS BY PLAINTIFF IN HIS OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE**

The defendants have indicated that they will seek to introduce evidence of plaintiff's other interactions or involvement with law enforcement, including any arrests or convictions that may have occurred. Defendants have agreed to affirmatively seek such permission, consistent with plaintiff's motion with respect to the individual defendants, and plaintiff hereby reserves all objections to the use of any such evidence, as well as any such evidence concerning Nicole Agostini, and will present all such arguments in his opposition to defendants' motion in limine.

**POINT III**

**PLAINTIFF SHOULD BE PERMITTED TO INTRODUCE THE TESTIMONY OF JOHN DOE IN HIS CASE IN CHIEF, AS THE TESTIMONY IS DIRECTLY RELEVANT TO THE FACTS AT ISSUE AND THE TRUTHFULNESS OF THE INDIVIDUAL DEFENDANTS**

Plaintiff should be permitted to call at trial a person identified herein as "John Doe" ("JD"), as his testimony is directly relevant to the facts, claims and defenses at issue, forms part of the *res gestae* of the case, and because excluding such testimony would invite speculation by the jury and would otherwise be highly prejudicial to the plaintiff.

**A.**     **The Relevant Underlying Facts**

The underlying facts, and factual disputes, are straightforward. The defendants claim that either on the day they chose to go to plaintiff's residence, or perhaps some other day, they encountered an informant. The defendants say, as of the date of plaintiff's arrest, that they did not know the informant's name, though defendants Mayer and Grieco had dealt with him previously. According to the defendants, JD informed them that an unidentified person was armed and selling drugs from the first floor apartment at 173 Atkins Avenue. The defendants did not memorialize this information in their memo books or anywhere else, did not relay the information to a supervisor, nor did they undertake any investigatory actions of any kind into the information, the apartment, or its possible occupants.

Rather, later that day, or perhaps on some other day, with about five minutes to go in their tour, the defendants went to the location to investigate the tip. The defendants

claim that two of them knocked on the front door, to which plaintiff responded by throwing drugs out of the rear window of the apartment, as witnessed by defendant Mayer. This series of events, say defendants, provided them with the exigent circumstances they needed to enter the apartment. Once inside, the defendants arrested plaintiff and his then-girlfriend Nicole Agostini, who also lived in the apartment. They then left without searching the apartment or recovering any weapons or other contraband.

The plaintiff's version of events is markedly different. He, and Ms. Agostini, claim that he never threw anything out of the window and that defendants' version is fundamentally false. Rather, the officers simply kicked in the door, seized them both, and proceeded to thoroughly search the apartment. Wherever the drugs in question originated, they were never in plaintiff's apartment or possession, and defendants' story is fiction.

As the litigation was proceeding, the defendants identified JD by name. He was deposed and testified, in part, that while he was familiar with at least defendant Grieco, he absolutely did not provide the tip they claim to have received from him.

**B.     The Testimony Is Relevant**

As the Second Circuit has noted, "[e]vidence is relevant when 'it has any tendency to make a fact more or less probable than it would be without the evidence,' and, unless an exception applies, all '[r]elevant evidence is admissible.'" *United States v. White*, 692 F.3d 235, 246 (2d Cir. 2012), as amended (Sept. 28, 2012) (internal citations to Federal Rules of Evidence 401 and 402 omitted). The standard is, as the Court noted, "very low." *Id.* In this case, it is not a close call; JD's testimony is directly relevant and there is no basis for

4

precluding its admission.

It is undisputed that JD directly contradicts the defendants on a central factual issue; the reason why they went to 173 Atkins Avenue to investigate the apartment where plaintiff and Ms. Agostini resided. The defendants have testified that they had not been to the apartment previously and were unfamiliar with both plaintiff and Ms. Agostini. The sole purpose for their visit was the information provided by JD; information he swears under oath he did not provide and which none of the defendants memorialized in any of their memo books or arrest paperwork.

Thus, this testimony is probative in at least two different ways. First, it implicates the basic credibility of the three defendants. This is of central importance in a case concerning a factual dispute in which the jury will not have the benefit of video or audio recordings or any eyewitness testimony from disinterested witnesses, with the quasi-exception of Ms. Agostini. There is nothing collateral about this issue. If the defendants are lying about their communications with JD, such a fabrication would directly reflect upon the credibility of their testimony about all that followed their supposed receipt of JD's tip. In short, this testimony is relevant to the defendants' veracity, which will be of critical importance at the upcoming trial, which will be a classic swearing contest.

It is also probative because it is an essential part of the *res gestae*, or the central factual question presented in this case. Why the officers went to the location and what they expected to find is of central importance to understanding, or challenging, the actions that they elected to either take or forego after receiving the information. As the Second Circuit

5

held long ago, "[t]e phrase 'res gestae' may be broadly defined as the circumstances which are the incidents of an act and which are illustrative of it." *Klauder-Weldon Dyeing Mach. Co. v. Gagnon*, 166 F. 286, 287 (2d Cir. 1908). While the term most often arises in the context of a hearsay analysis, it may also provide as a basis for the admissibility of evidence at trial. *See, e.g., United States v. Roberts-Rahim*, 2015 WL 6438674, at *5 (E.D.N.Y. Oct. 22, 2015) (evidence deemed admissible, even were it "outside the scope of Rule 404(b) because it is inextricably intertwined with the charged offenses and is part of the *res gestae*."); *United States v. Graham*, 2015 WL 1120255, at n.1 (W.D.N.Y. Mar. 12, 2015) (victim's sexual history "was admissible and part of the *res gestae* of the charged offenses."); *United States v. Batista*, 2009 WL 3134561, at *10 (E.D.N.Y. Sept. 23, 2009) (certain evidence "form part of the *res gestae*, the narrative that the government rightly seeks to tell with respect to the [charged crime].") quoting *United States v. Pepin*, 514 F.3d 193, 201 (2d Cir. 2008) (internal quotation marks omitted).

The defendants may argue that their defense is grounded entirely on what happened at the scene, rendering their interaction with JD collateral. The distinction is artificial and without merit. By all accounts the defendants went to plaintiff's residence with the intention of gaining entry. Why they did so, and whether they are lying in this respect, is very much part of the entirety of events that resulted in plaintiff's prosecution. That the tip was not a basis for probable cause does not mean that it is not relevant. That the source of the tip swears he did not give the defendants that tip is certainly relevant, as it (a) an essential part of the story concerning the defendants' decision to travel to plaintiff's house in search of guns and drugs, and (b) directly implicates the defendants' truthfulness.

6

**C.      Precluding JD's Testimony Would Violate Fed. R. Evid. 403**

Not only is the testimony relevant, preclusion would invite speculation on the part of the jury and surely result in unfair prejudice to the plaintiff. There is no dispute that the defendants went to plaintiff's residence with the express purpose of getting inside. If the jury is prevented from hearing why they did so, not only will plaintiff be deprived of the opportunity to challenge their truthfulness, the jury will be left guessing as to what really led the defendants to the plaintiff's doorstep in the first place.

Instead, the jury will be told that this story begins with the defendants standing outside the plaintiff's apartment, seeking to gain entry to investigate whether there are guns or drugs inside, but without any explanation as to how this came about. This abbreviated narrative not only limits plaintiff's ability to impeach the defendants, it effectively informs the jury that the Court had decided that the jury should not be told what or why the defendants believed, or worse, what the plaintiff had done previously, that led to their presence at 173 Atkins Avenue. Such a scenario invites, if not demands, the jury to speculate on what damning facts are being kept from their consideration, and to substitute their own fanciful conclusions, untethered as they would be to any actual evidence or facts.

Fairness dictates that the jury be told about the defendants' claimed encounter with JD, whose information led them to 173 Atkins Avenue. Even if it were mere exposition, it is an integral part of the events that immediately followed. That the alleged informant denies the event occurred in the first place underscores the relevancy of the testimony and the prejudice that would inure to the plaintiff were it to be kept from the jury.

# POINT IV

## DEFENDANTS SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE CONCERNING PLAINTIFF'S CHILDREN, INCLUDING HIS CHILD SUPPORT OBLIGATIONS, AND ANY EVIDENCE CONCERNING HIS PAST OR PRESENT FINANCIAL CONTRIBUTIONS TO HIS HOUSEHOLD

In response to questioning by defendants at his deposition, plaintiff has testified that he has two children and that, at the time of the arrest at issue in this lawsuit, they did not reside with him. He has further testified that he has child support obligations that he abides by to the best of his ability and that he is unaware of any legal actions against him in this regard. The defendants further questioned plaintiff as to the details of his contribution to the household he shared with Nicole Agostini as of the date of his deposition, which was the locus of the arrest in question. Putting aside that Ms. Agostini was the tenant of record, and that plaintiff no longer resides at that address, defendants ought to be precluded from this entire line of questioning.

To be admissible, under FRE 401 and 403, evidence must be both (1) relevant and (2) not outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. The evidence at issue here fails both tests.

Plaintiff's status as a parent, and the nature of his relationships with his children, are entirely unrelated to this case, as the children did not live with plaintiff or in the apartment where the events occurred, nor is there any suggestion that the arrest and prosecution affected plaintiff's relationship with them. Similarly, nothing about plaintiff's

various household contributions or familial relationships were known to the defendants or played any role in their decisions or actions, nor are they relevant to or probative of any claim or defense at issue. The only possible purpose for admitting any such evidence would be to smear plaintiff by implying that he is a poor or unconcerned father, a deadbeat dad, or to otherwise seek to impugn his character or cause the jury to think less of him based on extrinsic, incomplete, and misleading insinuations.

## POINT V

**DEFENDANTS SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE CONCERNING PLAINTIFF'S EMPLOYMENT AND EDUCATIONAL HISTORY**

Any reference to plaintiff's history of employment and educational background must be similarly precluded as both irrelevant and prejudicial. Plaintiff has testified that he has an eleventh grade education and has worked full-time at various jobs, including an overnight shift at Access-a-Ride, where he cleaned vehicles and performed similar tasks, as well as in a custodial or building maintenance capacity position at a building owned or managed by a relative. There were also periods of time where he was unemployed. He has not asserted any claims in this action for lost earnings, or any similar category of damages, and thus his employment history is not relevant to any of the claims or defenses in the action and the introduction of such evidence may be misleading or confusing to the jury, which may well believe there is some purpose for informing them of this information. Moreover, plaintiff's relative lack of education and periods of unemployment are facially

9

prejudicial, as jurors may impermissibly treat the fact that he has undergone stretches of time without a job or failed to finish high school or obtain a GED as evidence of a flaw in his character. Worse still, they may speculate as to whether the difficulties undereducated people face in finding and keeping gainful employment may result in acts of crime. Accordingly, both FRE 401 and FRE 403 militate strongly in favor of barring any such evidence at trial.

## POINT VI

**DEFENDANTS SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE CONCERNING WHETHER PLAINTIFF TESTIFIED BEFORE THE GRAND JURY**

The defendants should not be permitted to question plaintiff or otherwise introduce evidence as to whether or not he testified before the grand jury or how that decision was reached. During plaintiff's deposition he stated that he did not testify and did not recall being given the opportunity to testify, but believed if he "had spoken to the jury earlier, it would have been dismissed." There is no dispute that plaintiff was indicted and prosecuted thereafter, just as there is no dispute that plaintiff did not testify before the grand jury that indicted him. His non-appearance is entirely immaterial, and thus inadmissible under FRE 402 as it is not relevant, even under the permissive standard of FRE 401. Such evidence would also be confusing and misleading to a jury, which might view this fact as negatively weighing on their assessment of plaintiff's actual guilt or innocence. Accordingly, neither FRE 402 nor 403 would permit the introduction of such testimony and any questioning regarding plaintiff's nonappearance before the grand jury should be barred.

## POINT VII

**DEFENDANTS SHOULD BE PRECLUDED FROM REFERRING TO PLAINTIFF'S NEIGHBORHOOD AS A "HIGH CRIME" AREA**

The defendants should not be permitted to refer to the neighborhood where plaintiff was residing, and arrested, as a "high crime" area, or to similarly testify or suggest that there is more crime in this part of Brooklyn than elsewhere, as such evidence has no relevance to any of the facts in this case while being plainly prejudicial. The defendants' claim is that they went to plaintiff's residence based on information they received from JD. They further claim that they did not enter the apartment until after defendant Mayer purportedly claimed to have witnessed plaintiff throwing contraband from a window at the rear of the apartment. At no point in this case have the defendants ever suggested that the location of the apartment, or the neighborhood's reputation, played any role in their decision making, nor is there any actual evidence in this case that the neighborhood is, in fact, a "high crime" area. Thus, the testimony offers zero probative value while portraying the neighborhood as rife with crime, and indicting by implication, both Ms. Agostini and plaintiff as people who are themselves more likely to be criminals. These sort of derogatory and irrelevant comments about the neighborhood should be precluded.

## POINT VIII

### DEFENDANTS SHOULD BE PRECLUDED FROM INTRODUCING THE ARREST WARRANT IDENTIFIED AS DEFENDANTS' EXHIBIT B

The defendants should be precluded from introducing the bench warrant identified as Exhibit B, as the document, and much of the information therein, is cumulative, misleading, and unduly prejudicial.

As an initial matter, the document is classic hearsay as defined by FRE 801 and inadmissible for its truth under FRE 802. The plaintiff has stated that he learned of a bench warrant while at Central Booking following his arrest, and that it was adjudicated when he was arraigned. Thus, even were the warrant not otherwise hearsay, it has no evidentiary value. At the same time, the document contains a variety of codes, acronyms, and other useless information relating to the underlying prosecution that would confuse the jury without providing any useful information in exchange.

The plaintiff is challenging the admissibility of that arrest and prosecution, as will be articulated in response to the defendants' anticipated motion in limine. While the existence of the warrant may still be relevant, regardless of the admissibility of the prior arrests, the warrant itself is superfluous. If the underlying arrest and prosecution are not otherwise admissible, the argument for precluding the admission of this document – which defendants are seeking to admit precisely for its prejudicial value – is all the more compelling. Thus, even if the substance of the warrant may be admissible, the warrant itself should be excluded.

## **CONCLUSION**

For the foregoing reasons, plaintiff respectfully requests that the Court grant the relief requested herein with respect to the various areas of testimony and items of evidence which plaintiff is seeking to admit or preclude from admission into evidence at the trial of this matter, and for all other relief that this Court deems necessary and appropriate.

Dated: New York, New York
       May 9, 2016

LUMER & NEVILLE
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, New York 10007
(212) 566-5060

_____
Michael Lumer

cc:    All counsel of record (By ECF)

13