UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
REGINALD JOHNSON,

                    Plaintiff,

     -against-                          13 CV 7173 (ARR) (VMS)

THE CITY OF NEW YORK, ROBERT
MAYER, VINCENZO DEMARTINO,
and DAVID GRIECO,

                    Defendants.
------------------------------X

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S MOTION IN LIMINE**

**<u>FILED UNDER SEAL</u>**

Michael Lumer, Esq.
LUMER & NEVILLE
225 Broadway, Suite 2700
New York, New York 10007
(212) 566-5060

Attorneys for Plaintiff

## **TABLE OF CONTENTS**

                                                                                                                        Page

TABLE OF AUTHORITIES. ................................................................................................ ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT. ......................................................................................................................... 2

POINT I          PLAINTIFF SHOULD BE PERMITTED TO
                  INTRODUCE EVIDENCE OF MISCONDUCT BY
                  THE INDIVIDUAL DEFENDANTS. .................................................... 2

                  A.       Fed. R. Evid. 404(b): General Standards. ...................................... 2

                  B.       Substantiated Record Keeping Charges
                          and Allegations of Unlawful Entries. ............................................ 5

                          1.       The Specific Charges. ........................................................... 5

                          2.       Lack of Mistake/Accident; Knowledge; and Intent. ........ 7

                          3.       The Prior Acts Are Pattern Evidence. .............................. 9

CONCLUSION. ........................................................................... ...................................... 12

# **TABLE OF AUTHORITIES**

Cases                                                                                                                              Page

*Berkovich v. Hicks*,
922 F.2d 1018 (2d Cir. 1991). ..................................................................................  10, 11

*Epstein v. Kalvin-Miller International, Inc.*,
121 F. Supp. 2d 742 (S.D.N.Y. 2000) ...........................................................................  5

*Figueroa v. Boston Sci. Corp.*,
254 F. Supp. 2d 361 (S.D.N.Y. 2003). ..........................................................................  10

*Finley v. Cowles Bus. Media*,
1994 WL 665019 (S.D.N.Y. 1994). ...............................................................................  9

*Green v. City of New York*,
465 F.3d 65 (2d Cir. 2006). ............................................................................................  4

*Gross v. Lunduski*,
304 F.R.D. 136 (N.D.N.Y. Dec. 18, 2014). ...................................................................  10

*Huddleston v. United States*,
485 U.S. 681 (1988)).......................................................................................................  10

*Ismail v Cohen*,
899 F.2d 183 (2d Cir. 1990). ..........................................................................................  9

*Lombardo v. Stone,*
2002 WL 113913 (S.D.N.Y. Jan. 29, 2002) ...................................................................  11

*Lovejoy-Wilson v. Noco Motor Fuels, Inc.*,
242 F. Supp. 2d 236 (W.D.N.Y. 2003). ..........................................................................  4

*Mandal v. City of New York*,
2006 U.S. Dist. LEXIS 85216 (S.D.N.Y. Nov. 26, 2006)..............................................  4

*McCullock v. H.B. Fuller Co.*,
61 F.3d 1038 (2d Cir. 1995). ..........................................................................................  11

*O'Neill v. Krzeminski*,
839 F.2d 9 (2d Cir. 1988). ..............................................................................................  9

*Paolitto v. John Brown E. & C., Inc.*,
151 F.3d 60 (2d Cir. 1999). ........................................................................................... 4

*Stern v. Shammas*,
2015 WL 4530473 (E.D.N.Y. July 27, 2015). ............................................................... 8

*United States v Stevens*,
2004 U.S. Dist. LEXIS 17892 (S.D.N.Y. 2004), aff'd, 219 Fed. Appx. 108 (2d Cir. 2007). .... 3

*United States v. Curley*,
639 F.3d 50 (2d Cir. 2011). ........................................................................................... 3

*United States v. Edwards*,
342 F.3d 168 (2d Cir. 2003). ......................................................................................... 3

*United States v. Inserra*,
34 F.3d 83 (2d Cir. 1994). ............................................................................................. 2

*United States v. Johnson*,
634 F.2d 735 (4th Cir. 1980). ........................................................................................ 3

*United States v. Mendez–Ortiz*,
810 F.2d 76 (6th Cir. 1986). .......................................................................................... 3

*United States v. Peterson*,
808 F.2d 969 (2d Cir. 1987). ......................................................................................... 3

*United States v. Pitre*,
960 F.2d 1112 (2d Cir. 1992). ....................................................................................... 3

*United States v. Roldan-Zapata*,
916 F.2d 795 (2d Cir. 1990). ......................................................................................... 3

*United States v. Sliker*,
751 F.2d 477 (2d Cir. 1987). ......................................................................................... 9

*United States v. Teague*,
93 F.3d 81 (2d Cir. 1996). ............................................................................................. 3

*United States v. Williams*,
577 F.2d 188 (2d Cir. 1978). ......................................................................................... 3

Rules

Federal Rule of Evidence 401............................................................................................................ 5

Federal Rule of Evidence 403............................................................................................................ 2

Federal Rule of Evidence 404(b)................................................................................................. 3, 5, 9

Federal Rule of Evidence 801(d)(2). .................................................................................................. 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
REGINALD JOHNSON,

                        Plaintiff,

          -against-                        13 CV 7173 (ARR) (VMS)

THE CITY OF NEW YORK, et al.,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## PRELIMINARY STATEMENT

       Plaintiff respectfully submits this Memorandum of Law in support of that portion of his motion *in limine* which seeks to introduce evidence of similar misconduct by the individual defendants. Consistent with the current protective order and in accordance with the directions provided by the Court at the April 12, 2016, conference, this section of the plaintiff's motion is being submitted under seal.

## ARGUMENT

### POINT I

### PLAINTIFF SHOULD BE PERMITTED TO INTRODUCE EVIDENCE OF MISCONDUCT BY THE INDIVIDUAL DEFENDANTS

Plaintiff should be permitted to introduce evidence of various charges levied against each of the three individual defendants over the course of many months prior to plaintiff's arrest regarding (a) their failure to properly memorialize and document their law enforcement actions and the grounds upon which these actions were based, as substantiated by the NYPD's Internal Affairs Bureau ("IAB"), as well as the Civilian Complaint Review Board ("CCRB"), as well as (b) allegations that they previously engaged in similar unlawful entries in private residences. As set forth below, Fed. R. Evid. 404(b), permits such evidence, and plaintiff would be unfairly prejudiced were he barred from its use.

**A.**   **Fed. R. Evid. 404(b): General Standards**

In determining whether to admit evidence under Rule 404(b), the Second Circuit "follow[s] an inclusionary rule, allowing the admission of such evidence for any purpose other than to show a [party's] propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403 of the Federal Rules of Evidence." *United States v. Inserra*, 34 F.3d 83, 89 (2d Cir. 1994). Moreover, propensity aside, the prior bad acts are admissible where they are "no more inflammatory than the charged misconduct, the standard for 'unfair prejudice' that has been applied by the Second Circuit."

*United States v Stevens*, 2004 U.S. Dist. LEXIS 17892 (S.D.N.Y. 2004), aff'd, 219 Fed. Appx. 108 (2d Cir. 2007); *see also United States v. Pitre*, 960 F.2d 1112, 1119 (2d Cir. 1992) (Rule 403 did not preclude evidence of prior narcotics transactions that "did not involve conduct any more sensational or disturbing" than the charged crime); *United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990) (404(b) evidence not unfairly prejudicial where it "did not involve conduct any more sensational or disturbing than the crimes with which [the defendant] was charged").

Thus, broadly speaking, Rule 404(b) permits the use of such evidence when offered for a non-propensity purpose, such as: proving motive, intent, preparation, plan, knowledge, absence of mistake, or lack of accident. As the Second Circuit has explained,

> Rule 404(b) provides that such evidence may properly show 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident,' Fed.R.Evid. 404(b), but this list is not exhaustive, *United States v. Williams*, 577 F.2d 188, 192 (2d Cir. 1978); *see also United States v. Mendez–Ortiz*, 810 F.2d 76, 79 (6th Cir. 1986); *United States v. Johnson*, 634 F.2d 735, 737 (4th Cir. 1980). The district court may admit evidence that serves any 'non-propensity purpose,' including state of mind. *United States v. Edwards*, 342 F.3d 168, 176, 180 (2d Cir. 2003); see also *United States v. Teague*, 93 F.3d 81, 84 (2d Cir. 1996). To satisfy the relevance inquiry, the evidence must be "sufficiently similar to the conduct at issue to permit the jury reasonably to draw from that act the [state of mind] inference advocated by the proponent of the evidence." *United States v. Peterson*, 808 F.2d 969, 974 (2d Cir. 1987).

*United States v. Curley*, 639 F.3d 50, 57 (2d Cir. 2011).

As to the form in which the evidence is offered, it is well established in the Second Circuit that "the findings of an administrative agency resulting from an investigation

3

made pursuant to authority granted by law are generally admissible under the 'public records' exception to the hearsay rule." *Lovejoy-Wilson v. Noco Motor Fuels, Inc.*, 242 F. Supp. 2d 236 (W.D.N.Y. 2003) (citing *Paolitto v. John Brown E. & C., Inc.*, 151 F.3d 60, 64 (2d Cir. 1999)). Additionally, the IAB and CCRB findings at issue are not hearsay as they are vicarious party admissions. *See* Fed. R. Evid. 801(d)(2); *Mandal v. City of New York*, 2006 U.S. Dist. LEXIS 85216 (S.D.N.Y. Nov. 26, 2006) (admitting as admissions out-of-court statements by non-parties, namely Special Counsel to the City Law Department and the NYPD Deputy Commissioner, when offered against the City of New York because "though not named as Defendants" both were "agents of the City and their statements accordingly constitute admissions by the City for purposes of Rule 801(d)(2)"); *Green v. City of New York*, 465 F.3d 65, 77 (2d Cir. 2006) ("The City also argues that [police officer's] statement is hearsay. Of course, it is not. . . . [B]ecause [police officer] spoke within the scope of his employment with . . . the City, the statement is admissible as a party admission against the City.).

    Here, plaintiff's proposed evidence is highly probative of defendants' intent, as well as their lack of mistake as evinced by their prior knowledge of their obligations to keep certain records as of the date of plaintiff's arrest. The charges plaintiff seeks to introduce are thus admissible as discussed more fully below because they establish that the defendants' misconduct on the night of the arrest, but a deliberate and calculated attempt to engage in unlawful conduct, accompanied by subterfuge and obfuscation, which defendants routinely employed to give them greater leeway to act outside the law and fabricate storylines after the fact without being constricted by their own record keeping. As such it has probative value

4

and is therefore relevant and therefore admissible under Fed. R. Evid. 401 and 402. *Epstein v. Kalvin-Miller International, Inc.*, 121 F. Supp. 2d 742, 748 (S.D.N.Y. 2000).

**B.    Substantiated Record Keeping Charges
and Allegations of Unlawful Entries**

The prior substantiated charges relating to the officers' failure to make proper memo book entries and their failure to memorialize their conduct, including stops, arrests, and searches, are admissible under Federal Rule of Evidence 404(b) because they establish the defendants' motive, intent, and absence of mistake. These substantiated charges establish that (a) the defendants were well aware that their failure to document their activities violated NYPD rules, yet (b) they continued their pattern and practice of shoddy, inaccurate, and incomplete record keeping, despite repeated instructions to the contrary, and in the face of further disciplinary action. This evidence reflects their pervasive pattern of deliberately failing to document their actions, which allowed the defendants room to fabricate or obscure events after the fact, just as they did in this case.

1.    The Specific Charges

Specifically, in addition to IAB's finding that Mayer, Grieco, DiMartino made incomplete and inaccurate entries in their memo books with respect to the plaintiff's arrest, plaintiff should be permitted to introduce evidence that the following allegations were deemed substantiated by CCRB with respect to Robert Mayer and David Grieco: (i) on September 16, 2011, and February 15 and July 14, 2012, Mayer and Grieco failed to properly make memo book entries; (ii) also on September 16, 2011, Mayer failed to create a stop and

5

frisk form; and, (iii) that on February 15, 2012, both Mayer and Grieco failed to complete a stop and frisk form.

IAB has also substantiated allegations against Mayer, including: (i) that on July 20, October 29, December 28, 2011, and July 28 and October 23, 2012, he failed to properly make memo book entries; and, (ii) on October 29, 2011, he also failed to complete a stop and frisk form.  As for Grieco, IAB has substantiated that (i) on July 20 and 28, and October 29, 2011, and May 13, 2013, he failed to properly make memo book entries; and (ii) on the October 29, 2011 date, he too failed to complete a stop and frisk form. Parenthetically, with respect to the October 29, 2011, incident, Mayer and Grieco were also found to have engaged in an improper search of a residence.

Thus, Mayer has been the subject of 8 different substantiated findings that he failed to properly make memo book entries, and twice failed to complete a stop and frisk report. For his part, Grieco has been on the receiving end of 7 such substantiated findings and two failures to complete a stop and frisk report.[1] [2]

Not surprisingly, at least two of the defendants' substantiated failures to document their activities occurred in the context of an improper warrantless home entry. It was determined by CCRB and IAB, respectively, that, on September 16 and October 29,

---

[1] This is in addition to findings that both improperly entered and searched various residences, and a virtual avalanche of other allegations, some substantiated and others not, but for which the specifics were withheld, as well as any complaints that may have been filed or adjudicated since defendants' production of their records in February 2015.

[2] DiMartino's substantiated findings, as known to plaintiff, consist of findings that he engaged in an improper stop and frisk, an improper stop, and an improper frisk, on three different dates.

2011, Mayer and Grieco had improperly entered a private residence and searched it for weapons and contraband. There are many other allegations of unlawful searches, home entries, improper stop and frisks, and similar conduct evincing a lack of concern for basic constitutional prohibitions on police abuses of authority. That these officers have been repeatedly disciplined has seemingly had no deterrent effect.

      2.      <u>Lack of Mistake/Accident; Knowledge; and Intent</u>

Defendants' entire defense hinges on convincing the jury that they are telling the truth, as virtually every fact concerning the arrest, other than that defendants entered the apartment and arrested plaintiff and Ms. Agostini, is sharply disputed. With this backdrop, the combination of the defendants' failure to document their encounter with JD, who denies the event occurred, in view of their disciplinary history for failing to properly or accurately document their activities, is highly probative as to truthfulness of their entire narrative. Defendants' failure to document any aspect of the purported encounter with JD, including even the simplest of references to it ever having happened, strongly suggests that there was no such encounter, or that it occurred in circumstances the defendants would prefer not to reveal; hence the failure on the part of all three defendants to mention the event in their memo books. The jury could be forgiven for thinking this was simply an inadvertent oversight by the defendants, were it the only known occurrence of such an error. But it is not a one-time event. In fact, Mayer and Grieco collectively have been cited about 15 times between them for failing to make proper entries in their memo books, and those are just the times where the events were reported to CCRB and IAB. In each of those occurrences letters

7

of instruction or command disciplines issued. Yet, as of the date of plaintiff's arrest, the defendants, undeterred and unmotivated by the past disciplinary actions, were apparently still refusing to memorialize their actions.

  Thus, the prior misconduct is evidence that plaintiff is rightly entitled to introduce to the jury to demonstrate that the absence of entries regarding the circumstances surrounding plaintiff's arrest was willful, and thus suggestive of an attempt to cover up their conduct by leaving no meaningful trace of any conduct whatsoever. That the defendants did so in the face of repeated warnings to cease engaging in this very behavior is compelling evidence that, from the defendants' point of view, the benefits of virtually blank memo books were worth risking the occasional slap on the wrist.

  The defendants should not be heard to complain about unfair prejudice where these other complaints were (a) of a similar nature, and (b) substantiated by either the IAB or CCRB. While the evidence may lead jurors to reach certain conclusions adverse to defendants, such determinations would be altogether appropriate in view of the nature of the evidence and the defendants' conduct that is at issue. *Stern v. Shammas*, 2015 WL 4530473, at *8 (E.D.N.Y. July 27, 2015) (Evidence of officer's prior misconduct admissible where "[p]laintiff does not merely speculate about [the defendant's] prior conduct");*United States v. Livoti*, 8 F. Supp. 2d 250, 252 (S.D.N.Y. 1998) (evidence of prior incident is admissible to show that police officer's alleged use of excessive force at issue here was intentional and not mistake or accident, despite officer's claims of prejudice, because evidence is highly probative and prejudice can be minimized by instructing jury not to consider evidence as

8

proof of officer's propensity to act in conformity); *Finley v. Cowles Bus. Media*, 1994 WL 665019, *2 (S.D.N.Y. 1994) (holding that evidence of the way human resources handled demotion of another employee was admissible under Rule 404(b) as relevant to show "that top management was aware of plaintiff's heart condition"); *Ismail v Cohen*, 899 F.2d 183 (2d Cir. 1990) (evidence that police officer participated in similar misconduct shortly after the one in issue is admissible to show pattern, intent, and absence of mistake).

        3.      <u>The Prior Acts Are Pattern Evidence</u>

The prior substantiated allegations are more than sufficiently similar to qualify as pattern evidence under Rule 404(b), as prior cases within the Second Circuit clearly demonstrate. As observed by the Second Circuit, "the similarity sufficient to admit evidence of past acts to establish a recurring modus operandi need not be complete" and need only "permit a fair inference of a pattern's existence." *United States v. Sliker*, 751 F.2d 477, 487 (2d Cir. 1987); *See also*, *Ismail*, 899 F.2d at 188 (evidence that police officer participated in similar misconduct shortly after the one in issue is admissible to show pattern of defendant "lashing out physically when he feels his authority is challenged by a citizen with whom he is dealing on the street"); *Stephen v. Hanley*, 2009 WL 1471180, at *14 (E.D.N.Y. May 21, 2009) (certain CCRB complaints admissible under Rule 404(b) because they demonstrated pattern of "execution of search warrants of apartments in the early morning hours or when the occupants were asleep" as well as "allegations of excessive force," "injuries sustained by victims," "the use of discourteous language" and "lapses of memory by the police officers"); *O'Neill v. Krzeminski*, 839 F.2d 9, 11 n. 1 (2d Cir. 1988) (evidence of prior police misconduct

9

held admissible to show pattern, intent, and a malicious state of mind); *Gross v. Lunduski*, 304 F.R.D. 136, 147 (N.D.N.Y. Dec. 18, 2014) (finding that evidence of prior as well as subsequent police misconduct is of "particular relevance in the instant case where plaintiff asserts'" the existence of "a pattern of violent retaliation" against inmates "particularly, where, as here, the alleged retaliation occurs without witnesses or surveillance cameras").

As recognized by the Second Circuit, "[s]imilar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2d Cir. 1991) (quoting *Huddleston v. United States*, 485 U.S. 681, 689 (1988)). In *Berkovich*, the Court affirmed the district court's order finding inadmissible under Rule 404(b) prior CCRB complaints filed against the defendant officer partly because the defendant "was exonerated of all of the charges in the prior complaints, except one" but also because the prior allegations did not evidence a "unique scheme" consistent with the misconduct charged in the case. *Id.* at 1022. Here, by contrast, the prior allegations sought to be admitted share "nearly identical circumstances" with the underlying incident and the defendant officers were not exonerated of any of the subject charges. *Id.* at 1023 ("The earlier exoneration of [defendant] on six of the seven prior complaints certainly lessens the probative value of [plaintiff's] similar act evidence, tilting the scales further toward a finding of undue prejudice."). That some of the concurrent allegations were ruled "unsubstantiated" certainly does not preclude their admission into evidence as such "deficiencies generally go to the weight of the evidence, not admissibility, and weighing the evidence is a function for the jury." *Figueroa v. Boston Sci. Corp.*, 254 F. Supp. 2d 361, 366

10

(S.D.N.Y. 2003); *see also McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995) (weaknesses in the testimony of otherwise competent witnesses "go to the weight, not the admissibility of the testimony"). As one court put it, neither "a civil judgment, administrative finding, or even a preliminary judicial finding is required before specific acts of other misconduct may be introduced as extrinsic evidence under Rule 404(b)." *Lombardo v. Stone,* 2002 WL 113913, at *6 (S.D.N.Y. Jan. 29, 2002).

It is worth noting that, in Hanley, a majority of the CCRB complaints deemed admissible concerned events from more than a decade before the underlying incident. *Hanley*, 2009 WL 1471180, at *15. Here, by contrast, the misconduct in question occurred between December 2010 and October 2012; less than years before plaintiff's arrest on November 23, 2012. This further enhances the probative value of Plaintiff's pattern evidence.

Not only do these prior allegations share distinctive characteristics with the underlying incident – i.e., a warrantless entry, abuse of authority and inquiry into and search for the presence of firearms, and a general failure to document basic events – but they all arose under "nearly identical circumstances," *Berkovich*, 922 F.2d at 1023 and thus may be found to comfortably satisfy "the exacting standard of pattern evidence." *Hanley*, 2009 WL 1471180, at *14.

11

## **CONCLUSION**

For the foregoing reasons, plaintiff respectfully requests that the Court grant the relief requested herein with respect to the various areas of testimony and items of evidence which plaintiff is seeking to admit or preclude from admission into evidence at the trial of this matter, and for all other relief that this Court deems necessary and appropriate.

Dated: New York, New York
       May 9, 2016

                                        LUMER & NEVILLE
                                        Attorneys for Plaintiff
                                        225 Broadway, Suite 2700
                                        New York, New York 10007
                                        (212) 566-5060

                                        _____
                                        Michael Lumer

cc:     All counsel of record (By ECF)