UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

REGINALD JOHNSON,

                                                      Plaintiff,

                    -against-

THE CITY OF NEW YORK, ROBERT MAYER,
VINCENZO DIMARTINO, DAVID GRIECO,

                                                      Defendants.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION *IN LIMINE***

13 CV 7173 (ARR) (VMS)

------------------------------------------------------------------------ x

## POINT III

### THE TESTIMONY OF JOHN DOE, IF PERMITTED, SHOULD BE LIMITED IN SCOPE

Defendants do not dispute that John Doe ("JD") denies providing defendants with the information that lead them to plaintiff's house.  Thus, to the extent plaintiff seeks to impeach defendants at trial about any interaction with JD, defendants do not see a basis to preclude it. However, to the extent JD is permitted to testify, the scope of his testimony should be limited solely to the issue of what he did or did not say to defendants prior to plaintiff's arrest.

JD was questioned during his deposition about unrelated interactions he had with some or all of the defendants.  See JD's March 27, 2015 Deposition ("JD's Dep."), annexed to the Declaration of Brian Francolla dated May 16, 2016 ("Francolla's Decl.") as Exhibit "A," pp. 13: 8 – 16: 4 and 18: 19 – 21: 25.[1]  Evidence of this type should be precluded pursuant to Rules 404(b) and 403 on the grounds that it is impermissible character evidence, not relevant,

---

[1] Defendants have redacted any portion of the transcript that would identify JD in accordance with the parties' March 27, 2015 Stipulation and Protective Order.  See Docket Entry #28.  An unredacted copy of this testimony will be provided to Chambers via defendants' courtesy copy.

- 2 -

confusing, unduly prejudicial and would constitute a waste of time. Therefore, should JD be called to testify at trial, defendants request that the Court instruct him as to any limitations on his testimony since neither side is likely to have any control over him.

Regarding Thomas Reilly, defendants listed him as a possible rebuttal witness in their portion of the Joint Pretrial Order. The reason is that according to JD, Mr. Reilly, who is a private investigator employed by plaintiff's counsel, visited him in advance of his deposition and spoke with him about his involvement both in the underlying incident and potentially this lawsuit. See JD's Dep., Exhibit "A," pp. 17: 11 – 18: 18; 22: 7 – 33: 9 and 40: 11 – 51: 6. Needless to say, defendants will seek to introduce evidence of Mr. Reilly's visit with JD in advance of JD's deposition in order to argue that the visit and what was said during same may have impacted JD's willingness to testify truthfully at his deposition about any interaction with defendants. Presumably defendants will be able to elicit this evidence through JD if he testifies in person or, in the event JD is deemed unavailable, by designating portions of his deposition transcript. However, in an abundance of caution, defendants listed Mr. Reilly as a potential witness.

Lastly, defendants note that should JD be permitted to testify, the parties and the Court should discuss what, if any, safeguards should be employed in order to protect JD's safety. In that regard, defendants respectfully advise the Court that it is entirely possible, and perhaps even likely, that JD will be unavailable to testify at trial since he indicated during his deposition that he had been living primarily in a place more than 100 miles away.[2]

---

[2] The parties were only able to secure JD's appearance at a deposition via video conference link due to the fact that he was incarcerated at the time.

## POINT IV

### EVIDENCE OF PLAINTIFF'S CHILDREN, HIS CHILD SUPPORT OBLIGATIONS AND HIS FINANCIAL CONTRIBUTIONS TO HIS HOUSEHOLD

Defendants have no intention of eliciting evidence of plaintiff's failure to comply with child support obligations unless he somehow opens the door during his testimony. Defendants submit, however, that plaintiff would open the door by simply testifying to the fact that he is a father. Such testimony is completely irrelevant and would only serve as an attempt to pander to the jury and humanize plaintiff. To the extent plaintiff is permitted to proceed in that fashion, defendants should be permitted to provide the jury with a full picture of plaintiff's fatherhood to avoid any mistaken impressions.

Defendants submit that evidence of plaintiff's failure to contribute financially to his household at the time of Nicole Agostini's deposition is probative of Agostini's incentive to lie. Plaintiff testified during his deposition that he did not contribute to the rent while he was living with Agostini. See Plaintiff's November 14, 2014 Deposition ("Pl's Dep."), annexed to Francolla's Decl. as Exhibit "B," pp. 20: 1 – 21: 8. As a result, defendants should be permitted to elicit that fact as it goes to Agostini's bias since any compensation from plaintiff's lawsuit would have, at least at the time of her deposition testimony,[3] afforded her a benefit.

## POINT V

### EVIDENCE OF PLAINTIFF'S EMPLOYMENT AND EDUCATION HISTORY

Defendants have no intention of eliciting evidence of plaintiff's employment or education history unless he opens the door. Like **POINT IV**, *supra*, defendants submit that any

---

[3] Agostini was deposed on the same day as plaintiff.

mention by plaintiff of either his employment or education history would open the door. In other words, plaintiff should not be permitted to cherry pick from his background in an effort to portray himself in a more favorable light than the truth.

### POINT VI

#### EVIDENCE OF WHETHER PLAINTIFF TESTIFIED BEFORE THE GRAND JURY

Defendants have no intention of eliciting the specific fact that plaintiff did not testify before the Grand Jury. However, defendants do intend to argue that plaintiff never formally corrected his "false" confession prior to the dismissal of all charges on September 16, 2013. Plaintiff signed a confession wherein he admitted to doing the acts alleged by defendants. See Plaintiff's Confession, annexed to Francolla's Decl. as Exhibit "C." While plaintiff admits to signing the confession, he denies the truth of the statement. See Pl's Dep., Exhibit "B," pp. 127: 14 – 148: 21. Plaintiff claims that he signed the confession in exchange for the release of Agostini which happened shortly after the ink on the paper had dried. Id. Despite plaintiff's claim that he filled out a false confession that he knew he was going to later deny, there is no evidence that he or his criminal defense attorney ever in fact denied the statement during the prosecution which lasted almost a year. Id. Defendants should be able to question plaintiff about his failure to formally deny his confession as it is probative of whether the confession is actually false. To the extent that argument implicates any constitutional protections pertaining to plaintiff's criminal defense, defense counsel can tailor any questioning and/or argument accordingly.

## POINT VII

## DEFENDANTS SHOULD BE PERMITTED TO TESTIFY ABOUT THEIR EXPERIENCE WITH POLICING THE AREA SURROUNDING PLAINTIFF'S ARREST ON THE DATE OF THE INCIDENT

As an initial matter, defendants have no intention of making this case a referendum on the level of criminal activity in plaintiff's neighborhood. However, the defendants' general awareness of the level of criminal activity at the time of plaintiff's arrest is relevant because it goes to their states of mind. In particular, defendants are going to testify about the circumstances that lead to plaintiff's arrest much of which might seem foreign or unbelievable to a jury absent proper context. Additionally, and to the contrary of plaintiff's assertion, there is evidence in the record that his neighborhood is a high crime area. See Sergeant Dimartino's February 11, 2015 Deposition, annexed to Francolla's Decl. as Exhibit "D," pp. 75: 24 – 78: 12; Police Officer Mayer's March 17, 2015 Deposition, annexed to Francolla's Decl. as Exhibit "E," p. 75: 16 – 19. Moreover, defendants were never questioned during their depositions about what impact, if any, their experience in the neighborhood may have played in their decisions. Thus, plaintiff's reliance on the absence of such testimony is entirely self-serving since plaintiff's counsel never asked the questions.

To the extent plaintiff argues that defendants are going to try and create an inference that plaintiff and Agostini are criminals due to the fact that they live in a particular neighborhood, he is mistaken. Defendants intend on arguing that plaintiff and Agostini are criminals based on their conduct.

## POINT VIII

### DEFENDANTS SHOULD BE PERMITTED TO INTRODUCE PLAINTIFF'S ARREST WARRANT

As an initial matter, defendants are not seeking to introduce the arrest warrant in order to establish the truth of what is set forth in the document, but rather, to establish the existence of the warrant. Defendants' Exhibit "B" is a copy of the document that Sergeant Dimartino discovered while he was processing plaintiff's arrest and it is significant since it impacts plaintiff's claim for damages stemming from time he spent in police custody. Plaintiff has not disputed the validity of the warrant nor its existence and to the extent that certain information displayed on the warrant is irrelevant or prejudicial, it can be redacted accordingly. The warrant itself is also probative of plaintiff's credibility since the name on it is one of plaintiff's aliases. This shows that plaintiff did not just give a fake name in some minor passing interaction with law enforcement; but that he continued the charade for long enough that he was actually sought by law enforcement under the alias rather than his own name.

Plaintiff's argument that the introduction of the document into evidence would be cumulative, if accepted, would mean that none of the evidence listed by either side should be admitted since the parties can simply testify about the contents of same. In that regard, all of the documents listed on the Joint Pretrial Order are "superfluous" in one way or another, but that does not, for example, prevent plaintiff from introducing the arrest report.

- 7 -

## **CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court grant deny plaintiff's motion in its entirety, together with such other and further relief as the Court deems just.

Dated:    New York, New York
          May 16, 2016

                                            ZACHARY W. CARTER
                                            Corporation Counsel of the City of New York
                                            Attorney for Defendants
                                            100 Church Street
                                            New York, New York 10007
                                            (212) 356-3527

                                            By:            /s/

                                            Brian Francolla
                                            Senior Counsel

cc:    Michael Lumer, Esq. (by ECF)
       Lumer & Neville
       225 Broadway, Suite 2700
       New York, New York 10007