

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY  10007

BRIAN FRANCOLLA
*Senior Counsel*
Tel.: (212) 356-3527
Fax: (212) 356-3509

June 14, 2016

**BY ECF**
Honorable Allyne R. Ross
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Reginald Johnson, et al., v. City of New York, et al.</u>, 13 CV 7173 (ARR) (VMS)

Your Honor:

I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of the above-referenced matter. In that capacity, I write jointly with plaintiff's counsel, Michael Lumer, Esq., to set forth the deposition testimony of John Doe that has been designated by the parties along with any objections. As an initial matter, plaintiff's counsel made the determination after the parties' June 10, 2016 pre-trial conference that in light of the anticipated evidence that would come in at trial, he needed to share the identity of John Doe with plaintiff in the manner the Court prescribed during the conference.

Plaintiff designates the following portions of John Doe's deposition:

- 7:18-8:4;
- 8:12-9:3;
- 9:11-21;
- 10:2-12:14;
- 12:20-14:20;
- 16:5-17:10;

- 18:19-21:22;
- 22:9-21;
- 28:15-31:3;
- 32:9-33:25;
- 34:7-9;
- 35:7-36:11; and
- 37:21-40:7.

Defendants object to portions 20:23-21:22 and 35:7-36:11. These portions pertain to an alleged unrelated interaction between John Doe and Police Officer Grieco that occurred several years after the underlying incident in this case. This interaction is not relevant to any claim or defense nor does it go to credibility. Additionally, it involves an unverified allegation that Police Officer Grieco tampered with evidence pertaining to the arrest of another individual and not John Doe. This evidence has no probative value and the introduction of same would be unduly prejudicial to the defendants. Such evidence would also fall squarely within the Court's *in limine* ruling that precluded the introduction of any evidence pertaining to defendants' alleged prior bad acts.

In response, plaintiff is not seeking to admit these as prior bad acts. Rather, the designations are plainly relevant because they go the relationship between Grieco and John Doe. Whether Doe was a tipster, and the surrounding circumstances of that alleged tip, are central to this case and the credibility of Grieco and Mayer. Doe's testimony is relevant because it goes to Grieco's offer to provide favors for information, which is something Grieco steadfastly denied doing. It also is relevant to the nature of their relationship.

Defendants designate the following portions of John Doe's deposition:[1]

- 13:22-14:6;
- 17:11-18:18;
- 21:23-21:25;
- 22:22-25:25;

---

[1] There are portions of plaintiff's designations that defendants would have designated had plaintiff not already done so. Defendants would seek to read these portions during trial if plaintiff did not. Defendants have not separately designated these portions since neither side has any objection to them, but we can do so promptly should the Court require.

- 34:10-18; and

- 40:13-43:12.

Plaintiff objects to portion 24:24-25:25 under FRE 403 as the testimony is non-responsive, confusing, and not probative. Plaintiff objects to 34:10-18 because the testimony seeks to expressly elicit evidence concerning plaintiff's prior narcotics convictions, which defendants are precluded from introducing. Moreover, there is nothing impeaching about this testimony, since (a) Doe never said the plaintiff never sold narcotics, but only that he has no such knowledge, and (b) all he knows is that plaintiff had been incarcerated for an unspecified reason. Put simply, the testimony is both already precluded and does not stand for the stated proposition.

In response, defendants submit that portion 24:24-25:25 is relevant to their contention that John Doe lied about interacting with the defendants because he was told prior to testifying that his name might be revealed as a snitch. This evidence is not hearsay pursuant to Rule 801(d)(2)(D) of the Federal Rules of Evidence since it is a statement offered against an opposing party that was made by the party's agent on a matter within the scope of that relationship while the relationship existed. It is also not being offered for the truth, but rather, for the fact that it was said and may have impacted the witness's testimony. Portion 34:10-18 was included as a direct response to portion 34:7-9. John Doe's testimony is accurate as it lines up with plaintiff's admissible felony conviction and thus, it does not exceed the scope of the Court's *in limine* ruling. Moreover, it is direct impeachment to John Doe's contention that plaintiff was never involved in selling narcotics.

Thank you for your consideration.

Respectfully submitted,

/s/

Brian Francolla
Senior Counsel
Special Federal Litigation Division

cc: Michael Lumer, Esq. (By ECF)
Lumer & Neville
Attorney for Plaintiffs
225 Broadway, Suite 2700
New York, New York 10007