## CCRB INVESTIGATIVE RECOMMENDATION

| Investigator Assigned: Shakina Griffith | Team: Team # 1 | CCRB Case # : 201202092 | ☐ Force  ☑ Abuse | ☐ Discourtesy  ☐ O.L.  ☐ Injury |
|---|---|---|---|---|
| Date/Time of Incident: Wed, 02/15/2012 03:01 PM | Location of Incident: Hegeman Avenue between Milford Street and Montauk Avenue | | Pct. of Occurrence: 75 | Date S.O.L. Expires: 08/15/2013 |
| Date/Time C/V Reported: Thu, 02/16/2012 10:41 AM | C/V Reported At: CCRB | | How C/V Reported: Phone | Date/Time Received at CCRB: Thu, 02/16/2012 10:41 AM |

| Complainant/Victim | Type | Home Address |
|---|---|---|
| 1. Daya Sanders | Complainant | 519 Milford Street 3, Brooklyn, NY, 11208 |
| 2. Dayvine Sanders | Victim | 519 Milford Street 3, Brooklyn, NY, 11208 |

| Subject Officer(s) | Shield | TaxID | Command |
|---|---|---|---|
| 1. POM David Grieco | 18061 | 940216 | 075 PCT |
| 2. POM Robert Mayer | 18638 | 940441 | 075 PCT |

| Witness Officer(s) | Shield | TaxID | Command |
|---|---|---|---|
| 1. POM Thomas Fusco | 09284 | 940918 | 075 PCT |

| Officer(s) | Allegation | Recommendation |
|---|---|---|
| A. POM David Grieco | Abuse of Authority: PO David Grieco stopped Dayvine Sanders. | A. Unsubstantiated |
| B. POM David Grieco | Abuse of Authority: PO David Grieco frisked Dayvine Sanders. | B. Unsubstantiated |
| C. POM David Grieco | Other: PO David Grieco failed to prepare a Stop, Question, and Frisk Report as required by Patrol Guide Procedure 212-11. | C. Other Misconduct |
| D. POM David Grieco | Other: PO David Grieco failed to prepare a memo book entry as required by Patrol Guide Procedure 212-08. | D. Other Misconduct |
| E. POM Robert Mayer | Other: PO Robert Mayer failed to prepare a Stop, Question, and Frisk Report as required by Patrol Guide Procedure 212-11. | E. Other Misconduct |
| F. POM Robert Mayer | Other: PO Robert Mayer failed to prepare a memo book entry as required by Patrol Guide Procedure 212-08. | F. Other Misconduct |

## Case Summary

On February 16, 2012, Daya Sanders, who did not witness the incident, filed this complaint on behalf of her fourteen-year son, Dayvine Sanders, via phone with the Civilian Complaint Review Board (CCRB) (encl. 7a-b).

On February 15, 2012, at approximately 3:01 p.m., Mr. Sanders was walking home from a deli, on Hegeman Avenue between Milford Street and Montauk Avenue in Brooklyn, when he was approached by an officer. The following allegations resulted:

**Allegation A- Abuse of Authority: PO David Grieco stopped Dayvine Sanders.**
**Allegation B- Abuse of Authority: PO David Grieco frisked Dayvine Sanders.**
Since the investigation could not determine, by a preponderance of the evidence, if PO Grieco stopped and frisked Mr. Sanders, it is recommended that **Allegations A and B** be closed as **Unsubstantiated.**

**Allegation C- Other Misconduct: PO David Grieco failed to prepare a Stop, Question, and Frisk Report as required by Patrol Guide Procedure 212-11.**
**Allegation E- Other Misconduct: PO Robert Mayer failed to prepare a Stop, Question, and Frisk Report as required by Patrol Guide Procedure 212-11.**
Since PO Grieco and PO Mayer failed to prepare a Stop, Question, and Frisk Report regarding the incident, it is recommended that they be cited for **Other Misconduct** for **Allegations C and E.**

**Allegation D- Other Misconduct: PO David Grieco failed to prepare a memo book entry as required by Patrol Guide Procedure 212-08.**
**Allegation F- Other Misconduct: PO Robert Mayer failed to prepare a memo book entry as required by Patrol Guide Procedure 212-08.**
Since PO Grieco and PO Mayer failed to prepare memo book entries regarding the incident, it is recommended that they be cited for **Other Misconduct** for **Allegations D and F.**

On February 17, 2013, mediation was offered to Ms. Sanders and it was accepted; however, the case had to be investigated to identify the subject officer.

This complaint was originally assigned to Investigator Minsuk Kim. Due to his departure from the agency, the complaint was reassigned to the undersigned on December 27, 2012.

## Results of Investigation

### Civilian Statement

**Victim: DAYVINE SANDERS**
- *Mr. Sanders is a thirteen-year old black male who is 5'2", weighs 96 pounds, and has black hair and brown eyes.*
- *At the time of the interview, Mr. Sanders was a student at Public School 202 in Brooklyn.*

CCRB – Confidential

D1025

**CCRB Statement**
Mr. Sanders provided a phone statement on February 22, 2012 (encl. 8a). Mr. Sanders was interviewed at the CCRB on March 12, 2012 (encl. 9a-f). Mr. Sanders's statements and original complaint were generally consistent, with the following exceptions and additional information.

On February 15, 2012, Mr. Sanders, who wore a black hooded sweatshirt and black boots, was dismissed from school, P.S. 202, located at 982 Hegeman Avenue in Brooklyn, at 2:20 p.m. After school, Mr. Sanders played basketball with individuals, whose names were not provided, at a court across the street from P.S. 202 for approximately thirty minutes. Then Mr. Sanders left the basketball court and walked approximately four minutes to his house, located at 519 Milford Street, to collect money. Mr. Sanders was at home for approximately two to three minutes before leaving and walking alone approximately three to four minutes to a store, located at Hegeman Avenue and Montauk Avenue. While at the store, Mr. Sanders purchased two snacks. Mr. Sanders left the store and walked back home.

On the way to his house, Mr. Sanders walked by a church on Hegeman Avenue between Milford Street and Montauk Avenue, identified as the Dunamis Seventh-Day Adventist Church. While in front of the church, a black unmarked car pulled over next to Mr. Sanders. The make and model of the car was not specified. Mr. Sanders thought the occupants were asking for directions. PO David Grieco of the 75th Precinct, who was identified via investigation and described as an average white male in his late 30s to early 40s, 5'2", wearing a white short-sleeved t-shirt, and the passenger, said, "I'm a cop" or "We're cops." In his phone statement, Mr. Sanders described PO Grieco slightly differently, as a white male, 35 years old, 5'7", with dark hair, a medium build, and in plainclothes. PO Robert Mayer of the 75th Precinct, who was identified via investigation, was described as a white male and the driver. Mr. Sanders did not provide any further description of PO Mayer. PO Grieco exited the unmarked car and frisked Mr. Sanders. PO Grieco patted the outside of Mr. Sanders's clothing and placed his hands on Mr. Sanders's torso, shoulder, and legs. Mr. Sanders told PO Grieco to not frisk him between the legs. Mr. Sanders asked PO Grieco to reveal his badge and PO Grieco revealed a silver badge that was on a chain around his neck and underneath his shirt. The badge was wide at the top and pointy at the bottom. However, Mr. Sanders was unable to recall PO Grieco's badge number. As the frisk occurred, PO Grieco asked Mr. Sanders if he possessed a gun, to which Mr. Sanders said no. In Mr. Sanders's left sweatshirt pocket were the snacks he purchased at the store; however, PO Grieco did not place his hands in Mr. Sanders's pockets. As PO Grieco walked back to the unmarked car, he asked for Mr. Sanders's address and Mr. Sanders provided his address. PO Grieco re-entered the unmarked car and the officers drove away.

On his way home, Mr. Sanders saw an individual named Courtney, whose last name is unknown, who was an employee from his school. At this time, Courtney was on the same side of Hegeman Avenue as Mr. Sanders and continued walking. Courtney witnessed the interaction between Mr. Sanders and the officers. Mr. Sanders did not converse with Courtney after the incident.

**Attempts to Show Photo Array**
In order to obtain more information from Mr. Sanders about the incident and to schedule a photo array viewing, calls were made and voicemails were left for Ms. Sanders on February 15 and February 19, 2013. On February 20, 2013, a letter was mailed to Ms. Sanders. Ms. Sanders was called on February 21, 2013; however, the man who answered the phone said the number dialed was wrong. On February 22, 2013, Lexis-Nexis provided an additional contact number for Ms.

Sanders. On the same day, the number was called and a message stating the number was not in service was received. On March 5, 2013, a final letter was mailed to Ms. Sanders.

### Attempt to Contact Civilian
On March 21, 2012, Investigator Kim called P.S. 202 and spoke to the payroll secretary Diane, whose last name was not provided. Diane stated that there were no staff members at P.S. 202 by the name of Courtney.

### NYPD Statements:

#### Subject Officer: PO DAVID GRIECO
- *PO Grieco is a forty-two year old white male, height 5'7", weight 190 pounds, with brown hair and brown eyes.*
- *On February 15, 2012, PO Grieco worked with PO Robert Mayer from 9:30 a.m. to 6:05 p.m. and was assigned to Anti-Crime. The officers were in plainclothes and were assigned to an unmarked black Chevrolet Impala, number 9992.*

### Memo Book
PO Grieco noted that PO Mayer was the driver of their vehicle. PO Grieco stopped Tyler Suede at Belmont Avenue and Pennsylvania Avenue at 2:09 p.m and completed a report for the suspicion of robbery. At 3:00 p.m., PO Grieco stopped Tyquan Thompson at Logan Street and Hegeman Avenue (encl. 10a-c).

### Computerized Stop, Question, and Frisk Report
PO Grieco completed a Stop, Question, and Frisk Report for a seventeen year old black male on the incident date. The stop occurred at 3:00 p.m. and occurred approximately one block away from Mr. Sanders's incident location (encl. 11a).

### CCRB Statement
PO Grieco was interviewed at the CCRB on February 15, 2013 (encl. 12a-b).

PO Grieco did not recall the incident. PO Grieco was presented with the computerized version of the Stop, Question, and Frisk Report that was completed on the date of the incident. PO Grieco stopped an individual named Tyquan Thompson for criminal possession of a weapon at Hegeman Avenue and Logan Street at 3:00 p.m. PO Grieco did not stop or frisk Mr. Sanders nor did he see PO Mayer stop or frisk Mr. Sanders.

#### Subject Officer: PO ROBERT MAYER
- *PO Mayer is a thirty-three year old white male, height 5'9", weight 190 pounds, with brown hair and blue eyes.*
- *On February 15, 2012, PO Mayer worked with PO David Grieco from 9:30 a.m. to 6:05 p.m. and was assigned to Anti-Crime. The officers were in plainclothes and were assigned to an unmarked black Chevrolet Impala, number 9992.*

### Memo Book
PO Mayer noted that he stopped Kahkim Williams at Montauk Avenue and Dumont Avenue at 1:40 p.m. At 3:10 p.m., PO Mayer stopped Julian Jimmy at Logan Street and Hegeman Avenue. At 5:18 p.m., a male was stopped in front of 948 Hegeman Avenue. PO Grieco prepared a report and issued a summons to that individual (encl. 13a-c).

CCRB – Confidential

### Computerized Stop, Question, and Frisk Report
PO Mayer completed a Stop, Question, and Frisk Report for a fifteen year old black male on the incident date. The stop occurred at 3:10 p.m. and occurred approximately one block away from Mr. Sanders's incident location (encl. 14a-b).

### CCRB Statement
PO Mayer was interviewed at 1 MetroTech in Brooklyn on January 25, 2013 (encl. 15a-b).

PO Mayer did not recall the incident. PO Mayer was presented with a photograph of Mr. Sanders and he did not recognize Mr. Sanders. PO Mayer was aware of a corner store at Hegeman Avenue and Montauk Avenue. PO Mayer did not recall stopping any individuals who walked out of the corner store on the day of the incident. PO Mayer was presented with the computerized version of the Stop, Question, and Frisk Report he completed on the day of the incident. PO Mayer did not recall the incident for which the Stop, Question, and Frisk Report was written. PO Mayer did not recall stopping or frisking Mr. Sanders nor did he recall another officer stopping or frisking Mr. Sanders.

### Witness Officer: PO THOMAS FUSCO
- *PO Fusco is a thirty-seven year old white male, height 5'9", weight 245 pounds, with black hair and brown eyes.*
- *On February 15, 2012, PO Fusco worked from 9:30 a.m. to 6:05 a.m. the following morning and was assigned to Anti-Crime. PO Fusco worked with PO Stephen Berardi in plainclothes. The officers were assigned to a black Chevrolet Impala, vehicle number 884.*

### Memo Book
PO Fusco noted that he stopped Aaron Swaby and Omar Smith for the suspicion of criminal possession of a weapon at Pennsylvania Avenue and Livonia Avenue at 3:10 p.m (encl. 16a-b).

### Stop, Question, and Frisk Reports
PO Fusco completed two Stop, Question, and Frisk Reports for a nineteen year old male and a twenty one year old male. The stop occurred at 3:10 p.m. and occurred more than one mile away from Mr. Sanders's incident location (encl. 17a-b).

### CCRB Statement
PO Fusco was interviewed at the CCRB on October 10, 2012 (encl. 18a-b).

PO Fusco did not recall the incident. When he was presented with a photograph of Mr. Sanders, he did not recognize Mr. Sanders. PO Fusco, who was the driver on the day of the incident, was familiar with the intersection of Hegeman Avenue and Montauk Avenue and was aware of a corner store at that location. PO Fusco did not remember seeing any individuals exiting the corner store.

PO Fusco was presented with one of the computerized Stop, Question, and Frisk Reports that he prepared on the date of the incident. The individual was stopped for the suspicion of criminal possession of a weapon. PO Fusco did not recall a specific incident on February 15, 2012 that warranted him completing Stop, Question, and Frisk Reports. PO Fusco did not recall stopping or frisking Mr. Sanders.

### NYPD Documents

### Sprint Index
According to the Sprint index, there were no relevant SPRINTs for Mr. Sanders's incident (encl. 19a-b).

### Stop, Question, and Frisk Index
According to the Stop, Question, and Frisk Index, PO Mayer completed two Stop, Question, and Frisk Reports on the incident date. PO Grieco completed six Stop, Question, and Frisk Reports on the incident date. The dates of birth of the individuals who were stopped by PO Mayer and PO Grieco did not match Mr. Sanders's date of birth. (encl. 20a-m).

### MISD Search
There were no positive results for a warrant search for Mr. Sanders on the incident date (encl. 21a).

### Roll Call
According to the Tour 2 roll call for the 75th Precinct, PO Grieco and PO Mayer were assigned to Anti-Crime. Vehicles 9992 and 884 were utilized by the Anti-Crime team (encl. 22a-i).

### Fleet Services Database Search
According to the Fleet Services Database, four unmarked cars were assigned to officers in the 75th Precinct. Vehicle numbers 127, 128, 088407, and 999208 were listed as black Chevrolet Impalas (encl. 23a).

### Status of Civil Proceedings
- Ms. Sanders and Mr. Sanders have not filed a Notice of Claim with the City of New York as of March 5, 2013 with regard to the incident (encl. 24a).

### Civilians Criminal History
- As of April 5, 2013, Office of Court Administration records reveal no criminal convictions for Ms. Sanders (encl. 25a).
- As of April 5, 2013, Office of Court Administration records reveal no criminal convictions for Mr. Sanders (encl. 26a).

### Civilian CCRB History
- This is the first CCRB complaint filed by Ms. Sanders (encl. 5a).

### Subject Officers CCRB History
- PO Grieco has been a member of service for seven years and there is one substantiated CCRB allegation against him (encl. 3a-b).
    - PO Grieco was given instructions for an entry allegation for case 201111996.
- PO Mayer has been a member of service for seven years and there is one substantiated CCRB allegation against him (encl. 4a-b).
    - PO Mayer was given instructions for an entry allegation for case 201111996.

### Conclusion

Page 6
CCRB Case # 201202092

CCRB – Confidential

### NYPD Documents

### Sprint Index
According to the Sprint index, there were no relevant SPRINTs for Mr. Sanders's incident (encl. 19a-b).

### Stop, Question, and Frisk Index
According to the Stop, Question, and Frisk Index, PO Mayer completed two Stop, Question, and Frisk Reports on the incident date. PO Grieco completed six Stop, Question, and Frisk Reports on the incident date. The dates of birth of the individuals who were stopped by PO Mayer and PO Grieco did not match Mr. Sanders's date of birth. (encl. 20a-m).

### MISD Search
There were no positive results for a warrant search for Mr. Sanders on the incident date (encl. 21a).

### Roll Call
According to the Tour 2 roll call for the 75th Precinct, PO Grieco and PO Mayer were assigned to Anti-Crime. Vehicles 9992 and 884 were utilized by the Anti-Crime team (encl. 22a-i).

### Fleet Services Database Search
According to the Fleet Services Database, four unmarked cars were assigned to officers in the 75th Precinct. Vehicle numbers 127, 128, 088407, and 999208 were listed as black Chevrolet Impalas (encl. 23a).

### Status of Civil Proceedings
- Ms. Sanders and Mr. Sanders have not filed a Notice of Claim with the City of New York as of March 5, 2013 with regard to the incident (encl. 24a).

### Civilians Criminal History
- As of April 5, 2013, Office of Court Administration records reveal no criminal convictions for Ms. Sanders (encl. 25a).
- As of April 5, 2013, Office of Court Administration records reveal no criminal convictions for Mr. Sanders (encl. 26a).

### Civilian CCRB History
- This is the first CCRB complaint filed by Ms. Sanders (encl. 5a).

### Subject Officers CCRB History
- PO Grieco has been a member of service for seven years and there is one substantiated CCRB allegation against him (encl. 3a-b).
    - PO Grieco was given instructions for an entry allegation for case 201111996.
- PO Mayer has been a member of service for seven years and there is one substantiated CCRB allegation against him (encl. 4a-b).
    - PO Mayer was given instructions for an entry allegation for case 201111996.

## Conclusion

### Identification of Subject Officer

The most identifying features that Mr. Sanders provided was that the subject officer was an average white male in his late 30s to early 40s, 5'2", wearing a white short-sleeved t-shirt, who was the passenger of a black unmarked car. There were four black unmarked cars assigned to officers of the 75th Precinct, one of which, vehicle number 9992, was utilized by PO Grieco and PO Mayer. PO Grieco and PO Mayer, who worked in plainclothes on the day of the incident, completed Stop, Question, and Frisk Reports for unrelated individuals who were stopped approximately one block away from Mr. Sanders's incident location, within a time frame of two hours. PO Grieco's memo book listed PO Mayer as the driver of the vehicle on the day of the incident. There were no other officers working in the vicinity at the time of this incident who matched the description of the officers and the vehicle.

### Investigative Findings and Recommendations

**Allegation A- Abuse of Authority: PO David Grieco stopped Dayvine Sanders.**
**Allegation B- Abuse of Authority: PO David Grieco frisked Dayvine Sanders.**
Mr. Sanders stated that as he walked home, he was stopped and frisked by PO Grieco. PO Grieco and PO Mayer did not recall the incident.

Because no witness statements were obtained and because the investigation could not determine, by a preponderance of the evidence, if PO Grieco stopped and frisked Mr. Sanders, or if he had a legitimate law enforcement objective in doing so, it is recommended that **Allegations A and B** be closed as **Unsubstantiated.**

**Allegation C- Other Misconduct: PO David Grieco failed to prepare a Stop, Question, and Frisk Report as required by Patrol Guide Procedure 212-11.**
**Allegation E- Other Misconduct: PO Robert Mayer failed to prepare a Stop, Question, and Frisk Report as required by Patrol Guide Procedure 212-11.**
Neither PO Grieco nor PO Mayer prepared a Stop, Question, and Frisk Report for Mr. Sanders. Patrol Guide Procedure 212-11 states that a police officer is to prepare a Stop, Question, and Frisk Report worksheet for every person stopped. Therefore, it is recommended that PO Grieco and PO Mayer be cited for **Other Misconduct** for **Allegations C and E.**

**Allegation D- Other Misconduct: PO David Grieco failed to prepare a memo book entry as required by Patrol Guide Procedure 212-08.**
**Allegation F- Other Misconduct: PO Robert Mayer failed to prepare a memo book entry as required by Patrol Guide Procedure 212-08.**
PO Grieco and PO Mayer failed to prepare memo book entries regarding the incident. According to Patrol Guide Procedure 212-08: Activity Logs, "Information pertinent to an assignment or observed/suspected violation of law, i.e. action taken, narrative disposition," are to be included in an officer's activity log. Therefore, it is recommended that PO Grieco and PO Mayer be cited for **Other Misconduct** for **Allegations D and F.**

---

Team: One

CCRB – Confidential

D1031

Investigator: _Signature_ _____ Shakima Griffith _____ 5/15/13
                Signature                      Print                 Date

Supervisor: _Title/Signature_ _____ Eric Black _____ 5/16/13

Reviewer: _Title/Signature_ _____ Jennifer J. Jnett _____ 5-16-13

Reviewer: _____ _____ _____
           Title/Signature                Print              Date

CCRB – Confidential

D1032